IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW ALEXANDER KING, #17576-104, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-01714-JPG ) |
| KATHY HILL, S. WALLACE, TAMMY HOTTES, DAN SPROUL, J. LECLAIR, BARBARA VON BLANCKENSEE, AMBER NELSON, MARY NOLAND, KATHERINE SIEREVELD, and TRACY KNUTSON, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Matthew King is an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and is currently housed at the United States Penitentiary in Marion, Illinois ("USP-Marion"). In his Complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), King claims that USP-Marion officials have rationed toilet paper to inmates at all times during his incarceration at the prison. (Doc. 1-1, pp. 5-6). Instead of three rolls per week issued to inmates before March 2020, inmates have received only two rolls of toilet tissue per week since March 2020. King claims that the prison's limitation on toilet paper amounts to cruel and unusual punishment in violation of the Eighth Amendment and a civil conspiracy, negligence, and intentional infliction of emotional distress in violation of Illinois law. (*Id.*). He seeks declaratory, monetary, and preliminary injunctive relief. (*Id.* at 7).

1

King filed his Complaint in state court. (Doc. 1-1). Defendants removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679. (Doc. 1). As discussed below, the Court finds that removal is proper.

The Complaint is also subject to preliminary review under 28 U.S.C. § 1915A. *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A). Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following allegations are set forth in the Complaint (Doc. 1-1, pp. 5-7): King transferred into USP-Marion's Communications Management Unit ("CMU") in August 2021. Since then, he has received only two rolls of toilet paper per week, and King claims this amount is not enough to properly clean himself. Before March 2020, inmates received three rolls of toilet tissue per week, and King considers this amount adequate. (*Id.*).

At the beginning of the COVID-19 pandemic, USP-Marion instituted a policy that reduced inmate allocations of toilet paper by one roll per week—from three rolls to two rolls. King explains that this policy arose from a perceived shortage of toilet tissue which led to hoarding of the item by consumers across the country. The hoarding, in turn, caused a nationwide shortage. USP-Marion has continued to enforce the policy, which, according to King, was not necessary in the first place because the toilet paper shortage was merely a perceived, not actual, shortage. (*Id.*).

King asserts that the toilet paper policy amounts to cruel and unusual punishment. Before implementation of this policy, inmates never ran out of toilet paper. Now, he routinely runs short. To acquire more, King trades food trays and commissary items for toilet tissue. When he is unable to obtain more, King uses newspapers and washcloths in place of toilet paper. This is unpleasant, uncomfortable, and humiliating. (*Id.*).

Other inmates have filed grievances to address the issue. However, the defendants have denied the grievances and appeals. As a result, King has endured extreme physical discomfort and emotional pain. (*Id.*).

## Claims

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate the following enumerated counts, consistent with King's designation of the same:

**Count 1:** Eighth Amendment claim for money damages against Hill, Wallace, Sproul, Leclair, Davis, Blanckensee, Noland, Nelson, Knutson, and Siereveld ("all defendants"), in their individual capacities pursuant to *Bivens*, for denying King a third roll of toilet paper per week since August 2021.

**Count 2:** Eighth Amendment claim for injunctive relief against all defendants, in their official capacities pursuant to *Bivens*, for denying King a third roll of toilet paper per week and requiring them to do so going forward.

**Count 3:** Illinois civil conspiracy claim against all defendants for reaching an agreement to deprive King and other inmates at USP-Marion of their right to receive a third roll of toilet paper per week in violation of their rights under the Eighth Amendment.

**Count 4:** Illinois negligence claim for money damages against all defendants for breaching their duty under 18 U.S.C. § 4042(a)(2) and (3) to provide King with a third roll of toilet paper per week.

**Count 5:** Illinois intentional infliction of emotional distress claim against all defendants for causing King to suffer extreme and severe emotional distress when they denied him a third roll of toilet paper per week at USP-Marion.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the Court.  Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Removal

King filed his Complaint in state court.  (Docs. 1 and 1-1).  Defendants removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679.  (Doc. 1).  He made no objection to removal, and the time for doing so has passed.  As discussed below, the Court finds that removal is proper.

**A.    Federal Officer Removal – Counts 1 and 2**

To the extent this matter is properly brought under 28 U.S.C. § 1331, Defendants maintain that removal is appropriate under 28 U.S.C. § 1442(a)(1).  (Doc. 1 at ¶ 12).  Section 1331 vests this court with original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  King brings two claims for Eighth Amendment violations pursuant to *Bivens*, *i.e.*, Counts 1 and 2.  These claims arise under the Constitution of the United States, and this Court has original jurisdiction over them.  *See id*.

Section 1442(a)(1) governs removal of claims against officers of the United States who are sued in their individual or official capacity for acts under color of such office or in the performance of such duties.  Both claims stem from allegations of misconduct by federal officers while they were acting under the color of their office or in the performance of such duties.  The federal officer removal statute governs removal of Counts 1 and 2.

Section 1442(a)(1) provides for removal to the United States District Court embracing the place where the civil action is pending.  28 U.S.C. § 1442(a)(1).  This action was originally filed

4

in the Circuit Court for the First Judicial Circuit in Williamson County, Illinois. *See Matthew Alexander King v. Kathy Hill, et al.*, Case No. 21-L-142. (Doc. 1 at ¶ 1). Williamson County is located in this federal judicial district. The Court finds that Counts 1 and 2 were properly removed to this court under the federal officer removal statute, and these claims are subject to screening under Section 1915A.

B.     **Removal under Westfall Act – Counts 3, 4, and 5**

The Westfall Act provides for removal of actions commenced in state court to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Act amended the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Osborn*, 549 U.S. at 230. It grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *Id*. (citing 28 U.S.C. § 2679(b)(1)). The Act empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification "conclusiv[e] . . . for purposes of removal." *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as the defendant in place of the federal employee, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The FTCA then governs the tort claims.

This action involves three Illinois tort claims against the defendants for civil conspiracy (Count 3), negligence (Count 4), and intentional infliction of emotional distress (Count 5).

Defendants have provided proper certification[1] of their employment with the FBOP during the relevant time period. (*Id*. at ¶¶ 3-8). Defendants also assert that they were acting within the scope and course of their federal office or employment. (*Id*.). They properly removed their tort claims to this federal judicial district. Given this, the United States shall be substituted in place of the individual defendants in Counts 3, 4, and 5, and the individual defendants shall be dismissed. Counts 3, 4, and 5 shall proceed as FTCA claims against the United States, and the claims are subject to Section 1915A review.

## Section 1915A Review

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A. *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A). Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**A.**   ***Bivens* Claims**

Counts 1 and 2 are constitutional claims brought pursuant to *Bivens*. The Supreme Court has acknowledged that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring

---

[1] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting within the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1-2).

such a right." *Bivens*, 403 U.S. 388 (1971). This implied damages remedy has been recognized in only three contexts. *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Bivens*, 403 U.S. 388 (Fourth Amendment unlawful search and seizure). The Supreme Court has more recently cautioned courts against expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017).

**Count 1**

Count 1 involves an Eighth Amendment claim for unconstitutional conditions of confinement arising from the denial of a third roll of toilet paper per week. Even if the Court assumes, without deciding, that *Bivens* provides an implied damages remedy for such claims post-*Abbasi*, King offers insufficient allegations in support of this claim.

An Eighth Amendment claim of conditions of confinement consists of two parts. First, the inmate must show that the alleged deprivation is sufficiently serious from an objective standpoint. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Second, the inmate must also demonstrate that each defendant acted with a subjectively culpable state of mind, which, in this context, is deliberate indifference. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). The allegations satisfy neither component of this claim.

Standing alone, Kings' denial of a third roll of toilet paper per week is not a deprivation of constitutional magnitude. The Eighth Amendment prohibits prison conditions that amount to cruel and unusual punishment. The amendment reaches "beyond barbarous physical punishment" to prohibit "'the unnecessary and wanton infliction of pain.'" *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981)). Penal conditions may not "deprive inmates of the minimal civilized measures of life's necessities." *Chapman*, 452

U.S. at 347.  At the same time, prisoners are not entitled to special treatment.  *Harris*, 839 F.2d at 1235 ("Inmates cannot expect the amenities, conveniences and services of a good hotel. . . . The constitutional test requires courts to look to 'the evolving standards of decency that mark the progress of a maturing society.'").  When presented with a claim for unhygienic conditions, the court typically asks whether the prisoner had the ability to clean himself or his cell.  *See Johnson v. Dunahay*, 2020 WL 4053972, at *5 (W.D. Wis. 2020) (citations omitted).  According to the complaint, King did.

He does not describe an outright denial of toilet paper at any time during his incarceration at USP-Marion.  He admittedly received two rolls of toilet tissue per week.[2]  He does not complain about the denial of other hygiene supplies, such as running water, showers, soap, washcloths, towels, undergarments, *etc*.  And, King points to no actual injury resulting from the denial of a third roll of toilet tissue.  The Seventh Circuit has upheld dismissal of claims involving the outright denial of toilet tissue on a temporary basis, where the only harm was "unpleasantness."  *See Harris*, 839 F.2d at 1235-36 (total deprivation of toilet paper for five days); *Dye v. Lomen*, 40 Fed. Appx. 993 (7th Cir. 2002) (total deprivation of toilet paper for "several" days).  Kings' complaint describes a less serious deprivation than these cases – ongoing access to only two rolls of toilet tissue per week.  In the absence of any other conditions that combine to deprive King of the minimal civilized measures of life's necessities, the Court finds that the denial of a third roll of toilet paper per week is not objectively, sufficiently serious to support an Eighth Amendment claim.  *Id*.

---

[2] Moreover, he describes trading other inmates one roll of toilet paper for additional food or commissary items.  These inmates presumably consider one roll per week sufficient for proper cleaning, while he allegedly requires three times this amount for the same purpose.

Moreover, King describes no deliberate indifference on the part of any defendants. The policy arose from a nationwide shortage of toilet tissue that occurred at the outset of the pandemic and remained in effect during the relevant time period. No allegations suggest that the policy arose from the unnecessary and wanton infliction of pain upon King and other inmates or continues for that purpose. Given this, the Court finds that King has also failed to satisfy the subjective component of this claim. Count 1 shall be dismissed without prejudice for failure to state a claim.

### Count 2

In light of the dismissal of Count 1, King's related Eighth Amendment claim for injunctive relief against the defendants also fails. Count 2 shall be dismissed without prejudice for failure to state a claim for relief.

**B.     FTCA Claims**

The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). The FTCA claim in this case arises from allegations of a civil conspiracy, negligence, and intentional infliction of emotional distress resulting from the rationing of toilet tissue at USP-Marion. When considering an FTCA claim, the Court looks to the law of the state where the misconduct occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). In this case, the alleged misconduct occurred in Illinois. Therefore, these claims are analyzed under Illinois state law.

### Count 3

King brings a civil conspiracy claim against all of the defendants in Count 3. Illinois law requires a plaintiff bringing this claim to demonstrate: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by

unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)). The allegations offered in support of this claim are conclusory and threadbare. They describe no tortious act. They do not suggest that the defendants aimed to accomplish an unlawful purpose or a lawful purpose using unlawful means. Having failed to state a plausible claim of civil conspiracy against the defendants, the Court deems it appropriate to dismiss this FTCA claim against the United States without prejudice.

**Count 4**

In Count 4, King asserts a claim of negligence against the defendants in connection with his personal toilet paper shortage. To bring a negligence claim under Illinois state law, a complaint must allege facts to establish that the defendant owed King a duty of care, breached that duty, and the breach was the proximate cause of his injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). King asserts that all defendants breached their duty under 18 U.S.C. § 4042(a)(2) and (3) when they failed to provide inmates at USP-Marion with a third roll of toilet paper per week. Section 4042(a)(2) requires the FBOP to provide "suitable quarters . . . for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). Section 4042(a)(3) calls for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). Neither source of authority mandates distribution of a third roll of toilet paper per week to inmates. King instead relies on a recitation of the elements of this cause of action and conclusory legal statements to support this claim, which he cannot do under *Twombly*, 550 U.S. at 570. The FTCA claim against the United States in Count 4 shall be dismissed without prejudice.

**Count 5**

Finally, King brings a claim against the defendants for intentional infliction of emotional distress. To proceed with this claim, he must show that the FBOP officials acted in an extreme and outrageous way, intended to inflict severe emotional distress or knew of the high probability that it would occur, and caused the plaintiff to suffer from severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). The allegations fail to establish any of these elements. King has put forth no allegations suggesting that FBOP officials acted in an extreme or outrageous manner, intended to cause severe emotional distress, or actually caused him to suffer severe emotional issues. King again relies on a bald assertion that he suffered emotional distress because he lacked access to pre-pandemic levels of toilet tissue. However, King was not housed at USP-Marion when pre-pandemic levels of toilet tissue (*i.e.*, 3 rolls per week) were available, and he does not claim that he had access to three rolls in the facility where he was housed. He also points to no mental health diagnosis or treatment necessitated by this deprivation. King has failed to state a claim under the FTCA for intentional infliction of emotional distress. Count 5 shall also be dismissed without prejudice.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1-1) was properly removed to this Court, but it does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED** without prejudice for failure to state a claim for relief against the defendants.

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice against **ALL DEFENDANTS**.

**IT IS ORDERED** that the **UNITED STATES** is **SUBSTIUTED** in place of **ALL DEFENDANTS** in **COUNTS 3, 4,** and **5**. These claims are controlled by the Federal Tort Claims

Act. However, **COUNTS 3, 4,** and **5** are **DISMISSED** without prejudice against the **UNITED STATES** for failure to state any claim for relief. The Clerk's Office is **DIRECTED** to **ADD** and **TERMINATE** the **UNITED STATES** as a defendant in CM/ECF.

On or before **May 22, 2022**, Plaintiff is **GRANTED** leave to file a "First Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01714-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The amended complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED**.

**DATED: 4/21/2022**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**